| | | |
|---|---|---|
| **ESTADO LIBRE ASOCIADO DE PUERTO RICO**<br>**TRIBUNAL DE APELACIONES**<br>**PANEL ESPECIAL (OATA-2025-013)** | | |
| EL PUEBLO DE PUERTO RICO<br><br>Apelados<br><br>v.<br><br>HÉCTOR DE HOYOS FERRER<br><br>Apelante | KLAN202400808 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.: BLA2023G0083 BLA2023G0084<br><br>Sobre: ART. 6.08 Y 6.22 LEY 168 |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.[1]

Díaz Rivera, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 6 de abril de 2026.

Comparece el apelante, Héctor R. De Hoyos Ferrer (apelante), y solicita nuestra intervención para que revoquemos una Sentencia emitida el 8 de agosto de 2024, por el Tribunal de Primera Instancia, Sala de Aibonito. Mediante dicho dictamen, se sentenció al apelante, luego de que un jurado rindiera un veredicto de culpabilidad por infracción de los Arts. 6.08 y 6.22 de la Ley de Armas de Puerto Rico, 25 LPRA § 466g y § 466u (Ley de Armas). No obstante, lo encontró no culpable de haber incurrido en violación al Art. 3.1 de la Ley para la Prevención e Intervención de la Violencia Doméstica, 8 LPRA § 631 (Ley de Violencia Doméstica).

Por los fundamentos que expondremos a continuación, se revoca la Sentencia apelada en cuanto al cargo por el Art. 6.08 de la Ley de Armas, supra, y se confirma en cuanto al cargo por el Art. 6.22 de la Ley de Armas, supra.

---

[1] Mediante la Orden Administrativa número 2015-013, se modificó la constitución del panel.

Número Identificador

SEN2026_____

**I.**

Por hechos ocurridos el 28 de mayo de 2025, el Ministerio Público presentó tres (3) denuncias contra el apelante, por violaciones al Art. 3.1 de la Ley de Violencia Doméstica, supra; Art. 6.08 de la Ley de Armas, supra y Art. 6.22 de la Ley de Armas, supra. En dichas acusaciones, se le imputó al apelante lo siguiente:

<u>Caso Núm. BLE2023G0242, Art. 3.1 de la Ley de Violencia Doméstica</u>

El referido acusado Héctor Rafael De Hoyos Ferrer, allá en o para el día 28 de mayo de 2023, en Barranquitas, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, sala de Aibonito, ilegal, voluntaria y criminalmente causó violencia física en contra de la persona de Rubí Castillo Quiñones, persona con quien sostuvo una relación de pareja y no procrearon hijos, consistente en que le agarró por ambos brazos y le sacudió fuertemente. Sintiéndose la perjudicada ofendida por la conducta impropia del imputado.

<u>Caso Núm. BLA2023G0083, Art. 6.08 de la Ley de Armas</u>

El referido acusado Héctor Rafael De Hoyos Ferrer, allá en o para el día 28 de mayo de 2023, en Barranquitas, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, sala de Aibonito, ilegal, voluntaria y criminalmente poseyó un arma de fuego, negra, Smith & Wesson, calibre .40, sin tener licencia bajo la Ley de Armas de Puerto Rico.

<u>Caso Núm. BLA2023G0084, Art. 6.22 de la Ley de Armas</u>

El referido acusado Héctor Rafael De Hoyos Ferrer, allá en o para el día 28 de mayo de 2023, en Barranquitas, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, sala de Aibonito, ilegal, voluntaria y criminalmente poseyó 69 municiones calibre .40, 50 municiones calibre .357 y 47 municiones calibre .38, para un total de 166 municiones, sin tener licencia bajo la Ley de Armas de Puerto Rico.

El juicio por jurado dio inicio el 30 de mayo de 2024 y se extendió durante los días 31 de mayo de 2024, 5 de junio de 2024 y 7 de junio de 2024. La prueba documental de cargo presentada para sostener los cargos imputados consistió en la siguiente:

- Exhibit #1: Certificación de no licencia para portar armas

- Exhibit #2: Certificación de no registro de armas
- Exhibit #3a-3bb: Fotos
- Exhibit #4: Video de crímenes cibernéticos
- Exhibit #5: Informe y certificación de evidencia digital
- Exhibit #6: Notas del Agte. Carlos Rivera Guzmán
- Exhibit #7: Planilla Informativa
- Exhibit #8: Advertencias Miranda
- Exhibit #9: Consentimiento a registro
- Exhibit #10: Arma de fuego
- Exhibit #10a: Cargador
- Exhibit #11-11c: Municiones
- Exhibit #12: Inventario de propiedad ocupada
- Exhibit #13: Registro de evidencia
- Exhibit #14: Notas de la Agte. Yadira Ortiz
- Exhibit #15: Advertencias Miranda para persona sospechosa en custodia
- Exhibit #16: PPR 615.9- Declaración de persona sospechosa
- Exhibit #17: PPR 621.5- Informe de violencia doméstica
- Exhibit #18: Contrato de arrendamiento

Además, el Ministerio Público presentó el testimonio bajo juramento de las siguientes personas: (1) Sra. Rubí Castillo Quiñones; (2) Agte. Carlos Rivera Guzmán; (3) Agte. Yadira Ortiz Rosado; (4) Agte. Julio A. Colón Colón; (5) Agte. José Gabriel Espada Rivera y (6) Agte. Alberto García Dátil.

Así las cosas, escuchados los testimonios de los testigos y evaluada la totalidad de la prueba que tuvo ante sí, el 7 de junio de 2024, el jurado emitió un veredicto de culpabilidad por los artículos 6.08 y 6.22 de la Ley de Armas, supra y un veredicto de no culpabilidad por el artículo 3.1 de la Ley de Violencia Doméstica, supra.

Posteriormente, el 8 de agosto de 2024, se llevó a cabo la Vista de Imposición de Sentencia. Mediante el dictamen, el Tribunal de Primera Instancia sentenció al apelante de la siguiente forma: por el Art. 6.08 de la Ley de Armas, supra, cinco (5) años de cárcel y por el Art. 6.22 de la Ley de Armas, supra, seis (6) años de cárcel, por disposición de ley concurrentes entre sí, para un total de once (11) años de cárcel.

Inconforme con la Sentencia, el 3 de septiembre de 2024, el apelante acudió a este Foro apelativo intermedio y señaló la comisión de los siguientes errores:

**Primero: Procede la revocación de la sentencia impuesta por posesión de municiones (Art. 6.22**

**de la Ley de Armas), dado que la prueba de cargo estableció claramente durante el juicio, que las municiones fueron ocupadas mediante el registro de un bulto cerrado perteneciente privativamente al acusado, a todas luces ilegal e irrazonable, por haber sido realizado sin orden judicial, sin ser incidental a un arresto válido y sin haber sido realizado con su consentimiento o el de una tercera persona con autoridad para consentir, en abierta violación al Art. II, Sección 10 de la Constitución de Puerto Rico y la Enmienda Cuarta de la Constitución de Estados Unidos.**

**Segundo: Cometió error el juzgador de los hechos primario al declarar culpable al apelante por el delito de posesión de arma sin licencia (Art. 6.08 de la Ley de Armas) aun cuando la prueba de cargo resultó insuficiente para establecer más allá de duda razonable que el arma ocupada era capaz de disparar municiones mediante explosión, en violación a los derechos del apelante a la presunción de inocencia y al debido proceso de ley, garantizados por las Secciones 7 y 11 del Art. II de la Constitución de Puerto Rico.**

**Tercero: Cometió error el juzgador de los hechos primario al declarar culpable al apelante por infracción a los Arts. 6.08 y 6.22 de la Ley de Armas, aun cuando la prueba de cargo resultó insatisfactoria para establecer más allá de duda razonable la culpabilidad del acusado, en violación a los derechos del apelante a la presunción de inocencia y al debido proceso de ley, garantizados por las Secciones 7 y 11 del Art. II de la Constitución de Puerto Rico.**

**II.**

**A. Presunción de Inocencia**

El Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico, Art. II Const. ELA, LPRA, Tomo 1, garantiza a todo acusado de delito, el derecho fundamental a la presunción de inocencia durante todo el proceso criminal. Ese derecho, constituye uno de los imperativos del debido proceso de ley, según lo ha reconocido nuestro más alto Foro en múltiples ocasiones. *Pueblo v. Rodríguez Pagán*, 182 DPR 239 (2011). Además, y de manera más específica, la Regla 110 (F) de Procedimiento Criminal, 34 LPRA Ap. II, dispone que, en los casos criminales, la culpabilidad de la persona debe ser establecida más allá de duda razonable. Es el Ministerio Público, quien tiene la obligación de presentar evidencia

para cumplir con la carga probatoria de establecer la culpabilidad del acusado. Dicho de otra forma, el Ministerio Público tiene que probar - más allá de duda razonable - todos los elementos del delito, la intención o negligencia criminal en su comisión y la conexión de la persona acusada con los hechos. *Pueblo v. Acevedo Estrada*, 150 DPR 84 (2000).

No obstante, lo anterior, es necesario señalar que la *duda razonable* no es una duda especulativa ni se extiende a cualquier duda posible. El Tribunal Supremo de Puerto Rico ha definido como *duda razonable,* aquella duda fundada que surge como el raciocinio de todos los elementos de juicio envueltos en un caso. Nuestro más alto Foro ha expresado además que, para poder rebatir la presunción de inocencia, el Ministerio Público deberá probar cada uno de los elementos del delito imputado y producir certeza o convicción moral en una conciencia exenta de preocupación o en un ánimo no prevenido. *Pueblo v. Bigio Pastrana*, 116 DPR 748 (1985); *Pueblo v. Irizarry*, 156 DPR 780 (2002).

Ahora bien, en nuestro ordenamiento jurídico, es norma reiterada que, al enfrentarnos a la tarea de revisar la suficiencia de la prueba en convicciones criminales, nuestra función revisora está enmarcada dentro de unas consideraciones que nos limitan. Como sabemos, al momento de revisar las determinaciones que realizan los juzgadores de primera instancia, ya sea Juez o Jurado, debemos otorgarle una gran deferencia en cuanto a la prueba testifical presentada ante ellos. La regla general es que el tribunal revisor no debe intervenir con la adjudicación de credibilidad de los testigos ni sustituir las determinaciones de hechos basadas en las apreciaciones de esa prueba. *Pueblo v. Toro Martínez*, 200 DPR 834 (2018). Además, el veredicto del jurado, como la sentencia del juez, es un acto investido con la alta dignidad de la magistratura en la función juzgadora de la conducta de los hombres, y no es para echarse a un lado con liviandad e indiferencia. *Pueblo v. Figueroa*

*Rosa*, 112 DPR 154 (1992). La norma expuesta, descansa en el hecho de que los foros de instancia están en mejor posición para evaluar la prueba desfilada, pues tienen la oportunidad de observar y escuchar a los testigos y, por ello, su apreciación merece gran respeto y deferencia. *Pueblo v. Acevedo Estrada,* supra*; Pueblo v. Rosario Reyes*, 138 DPR 591 (1995).

Claro está, a pesar de que la determinación de culpabilidad hecha por el juzgador de los hechos merece gran deferencia, ésta podrá ser revocada en apelación si se demuestra que hubo pasión, prejuicio o parcialidad y/o si se incurre en error manifiesto debido a que la prueba no concuerda con la realidad fáctica o es increíble o imposible. *Pueblo v. Maisonave*, 129 DPR 49 (1991); *Pueblo v. Acevedo Estrada*, supra, pág. 99. Así, pues, a menos que existan los elementos mencionados o que la apreciación de la prueba se distancie de la realidad fáctica o ésta sea inherentemente imposible o increíble, el tribunal apelativo deberá abstenerse de intervenir con la apreciación de la prueba hecha por el juzgador de los hechos. *Pueblo v. Maisonave Rodríguez,* supra*.*

En el caso *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013), nuestro Tribunal Supremo tuvo la oportunidad de definir lo que es *pasión, prejuicio o parcialidad* y *error manifiesto*. A esos efectos, nuestro más alto Foro expresó que se incurre en *pasión, prejuicio o parcialidad* cuando se actúa "movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna." Por su parte, las determinaciones del foro revisado son un *error manifiesto* si de un análisis de la totalidad de la evidencia, el foro revisor queda convencido de que se cometió un error porque las conclusiones están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida

debido a que se distancian de la realidad fáctica o es inherentemente imposible o increíble. *Dávila Nieves v. Meléndez Marín*, supra, pág. 772.

Finalmente, en cuanto a la cantidad de prueba requerida para sostener una convicción, es necesario acudir a la Regla 110 de Evidencia, 32 LPRA Ap. VI. Conforme al inciso (D) de dicho precepto reglamentario, "[l]a evidencia directa de una persona testigo que merezca entero crédito es prueba suficiente de cualquier hecho, salvo que otra cosa se disponga por ley." Por ello, el testimonio de un sólo testigo - de ser creído por el juzgador de los hechos - es suficiente para sustentar una convicción; toda vez que no se trata de un análisis de cantidad.

### B. Registros sin Orden Judicial

La Sección 10 del artículo II de la Constitución de Puerto Rico dispone lo siguiente:

> *"No se violará el derecho del pueblo a la protección de sus personas, casas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables.*
> *No se interceptará la comunicación telefónica.*
> *Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse.*
> *Evidencia obtenida en violación de esta sección será inadmisible en los tribunales."*

La razón de ser de la protección constitucional y la regla de exclusión contenida en ella es proteger la intimidad y dignidad de los individuos frente a actuaciones arbitrarias e irrazonables del Estado, razón por la cual interpone la figura de un juez entre los funcionarios públicos y los ciudadanos de manera que haya una mayor garantía de razonabilidad en la intrusión gubernamental. Véase *ELA. v. Coca Cola Bott.*, 115 DPR 197 (1984) y *Pueblo v. Dolce*, 105 DPR 422 (1976). Como consecuencia de ese mandato constitucional, todo registro, allanamiento, arresto o incautación realizada por el Estado sin que medie una orden expedida por un

juez a esos efectos, se presume irrazonable y le corresponde al Ministerio Público demostrar la razonabilidad de la intervención realizada. Véase *Pueblo v. Malavé González*, 120 DPR 470 (1988).

No obstante, lo anterior, es necesario resaltar que **la protección constitucional no prohíbe todos los registros, incautaciones y allanamientos sin orden, sino sólo aquellos que resultaren irrazonables** a la luz de la totalidad de las circunstancias en la actuación gubernamental impugnada en cada caso. Véase *Pueblo v. Santiago Ferreira*, 147 DPR 238 (1998). A esos efectos, nuestro ordenamiento jurídico recoge una serie de excepciones en donde el Tribunal Supremo de Puerto Rico ha resuelto que determinados registros sin orden no han sido irrazonables a la luz de la totalidad de las circunstancias de cada caso. Algunas de estas excepciones reconocidas por nuestro más alto foro son: 1) registro incidental al arresto; 2) **consentimiento al registro**; 3) registro de inventario; 4) registros administrativos; 5) registro de confinados en instituciones penales; 6) evidencia a plena vista; 7) evidencia abandonada; 8) persecución de sospechoso, entre otros.

En cuanto a la excepción por consentimiento al registro, un aspecto central es el problema del consentimiento prestado por un tercero o una persona distinta a quien invoca la violación a su derecho constitucional y, por lo tanto, solicita la exclusión de la evidencia producto del registro consentido. Sobre el particular, la Corte Suprema de los Estados Unidos resolvió en *United States v. Matlock*, 415 US 164 (1974), que el consentimiento de alguien que tiene autoridad común sobre el lugar o la propiedad es válido contra la persona ausente quien no ha consentido, y quien comparte la autoridad con quien consintió. Véase E. Chiesa Aponte, *Procedimiento Criminal y la Constitución: Etapa Adjudicativa*, Ed. Situm 2017, pág. 426.

Además, en *United States v. Matlock*, supra, "se aclara que el concepto de "autoridad común" no se refiere al mero interés propietario sobre el lugar, ni se rige por el derecho de propiedad. Hay que determinar, caso a caso, la relación o vínculo sobre lo registrado que tienen la persona que consintió y la persona que impugna el registro, para de ahí determinar la existencia o no de una "autoridad común" sobre el lugar. Claramente, una persona tiene autoridad común con su cónyuge o concubino sobre la vivienda que comparte." Id.

Por su parte, el Tribunal Supremo de Puerto Rico tuvo la oportunidad de expresarse sobre el consentimiento al registro y la "autoridad común" en *Pueblo v. Narváez Cruz*, 121 DPR 429 (1988). En esa ocasión, expresó el Tribunal que para que el consentimiento al registro sea válido y por lo tanto una excepción a la regla de exclusión de evidencia, se requiere que el consentimiento sea voluntario y que sea prestado por quién tenga autoridad para prestarlo. Id, pág. 436. En adición, nuestro más alto foro adoptó la interpretación de la Corte Suprema en *United States v. Matlock*, supra y sostuvo que el concepto de "autoridad común con respecto a la propiedad" "depende del uso mutuo de la propiedad por personas que generalmente tienen un acceso o control conjunto [con respecto a la propiedad,] en cuanto a varios propósitos, de tal forma que es razonable reconocer que cualquier de los cohabitantes tiene el derecho de permitir la inspección por derecho propio y que los otros han asumido el riesgo de que uno de ellos pueda permitir que el área común sea registrada" *Pueblo v. Narváez Cruz*, supra, pág. 437.

Ahora bien, establecida la existencia de un consentimiento válido efectuado por una persona con autoridad para ello, el alcance del registro será tan amplio como los términos del consentimiento prestado. En otras palabras, "[u]n registro por consentimiento será razonable siempre que se mantenga dentro de los límites del

consentimiento prestado y se ajuste a los propósitos del mismo. Debe además limitarse a las áreas donde razonablemente puede encontrarse escondido el artículo o persona objeto del registro." Id, pág. 446.

**III.**

En el primer señalamiento de error, el apelante sostiene que las municiones fueron ocupadas mediante el registro de un bulto cerrado perteneciente privativamente al acusado, sin orden judicial, sin ser incidental a un arresto válido y sin su consentimiento o el de una tercera persona con autoridad para consentir, por lo que procede la revocación de la convicción por el Art. 6.22 de la Ley de Armas. Sobre el particular, surge del expediente de autos que las municiones en cuestión fueron ocupadas dentro de una cartera en la residencia que compartía el apelante con la Sra. Rubí Castillo Quiñones. Surge, además, que el Agte. Carlos Rivera Guzmán tuvo acceso a la residencia por el consentimiento firmado por la Sra. Rubí Castillo Quiñones.

Según discutido anteriormente, el consentimiento de alguien que tiene autoridad común sobre el lugar o la propiedad es válido contra la persona ausente quien no ha consentido, y quien comparte la autoridad con quien consintió. Ciertamente, la Sra. Rubí Castillo Quiñones tenía autoridad común con el apelante sobre la residencia registrada, pues cohabitaban la misma. Además, en el presente caso ese registro se mantuvo dentro de los límites del consentimiento prestado por ella y se ajustó a los propósitos del mismo, esto es ocupar un arma de fuego. En atención a ello, concluimos que el primer error no fue cometido. El consentimiento prestado por la Sra. Rubí Castillo Quiñones cae bajo las excepciones que hacen razonable un registro sin orden judicial, según reconocido en nuestro ordenamiento jurídico.

En su segundo señalamiento de error, el apelante alega que el Ministerio Público no probó los elementos constitutivos del Art. 6.08 de la Ley de Armas. Específicamente, plantea que no se probó que el arma en cuestión es capaz de disparar municiones mediante explosión y que, en ausencia de prueba sobre ese elemento del delito, procede revocar la convicción. Tiene razón el apelante.

El Art. 6.08 de la Ley de Armas establece, en lo pertinente que "[t]oda persona que sin tener licencia de armas tenga o posea un arma de fuego, incurrirá en delito grave, y convicta que fuere será sancionada con pena de reclusión por un término fijo de cinco (5) años. De mediar circunstancias agravantes, la pena establecida podrá ser aumentada hasta un máximo de diez (10) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de un (1) año..."

En adición, el Art. 1.02 (e) define arma de fuego como "cualquier arma que, sin importar el nombre, **sea capaz de lanzar un proyectil o proyectiles por acción de una explosión.** El término arma de fuego incluye, pero no se limita a, pistola, revolver, escopeta, rifle, carabina, incluyendo el marco, armazón o el receptor donde el manufacturero coloca el número de serie de tales armas. Esta definición no incluye aquellos artefactos tales como, pero sin limitarse a, las pistolas de clavos utilizadas en la construcción, artefactos para lanzar señales de pirotecnia o líneas, mientras se utilicen con fines de trabajo, arte, oficio o deporte."

De lo anterior podemos colegir que los elementos del delito tipificado en el Art. 6.08 de la Ley de Armas son: (1) tener o poseer un arma de fuego sin tener licencia para ello y (2) **que esa arma de fuego sea capaz de lanzar un proyectil o proyectiles por acción de una explosión.** En atención a ello, para lograr una convicción, el Ministerio Público viene obligado a probar más allá de duda razonable que el acusado tenía o poseía un arma de fuego sin licencia y que esa arma es capaz de lanzar un proyectil por acción

de una explosión.    En ausencia de prueba de alguno de esos elementos del delito, procede una determinación de no culpabilidad por el Art. 6.08 de la Ley de Armas.

En el presente caso, luego de analizar con detenimiento el testimonio de todos los testigos de cargo, según transcritos en la transcripción de la prueba oral que obra en el expediente ante nos- particularmente la del Agte. Carlos Rivera Guzmán- concluimos que en el presente caso hay ausencia de prueba sobre que el arma en cuestión sea capaz de lanzar un proyectil por acción de una explosión.   Ello, constituye un error manifiesto debido a que la conclusión de que se cometió el delito tipificado en el Art. 6.08 de la Ley de Armas está en conflicto con la evidencia desfilada en el Juicio. Ello es así, pues del expediente surge que no existe prueba alguna - ni examen forense ni ninguna otra prueba- de que el arma en cuestión es capaz de lanzar un proyectil por acción de una explosión.   Por lo tanto, procede la revocación de la convicción por dicho artículo, pues no se establecieron todos sus elementos más allá de duda razonable.

Por último, plantea el apelante que la prueba de cargo resultó insatisfactoria para establecer más allá de duda razonable la culpabilidad del acusado.    Específicamente, argumenta que el testimonio de la principal testigo de cargo fue insatisfactorio para establecer la conexión del acusado como poseedor de la evidencia ocupada, ello debido a que su testimonio no mereció credibilidad en cuanto al cargo por el Art. 3.1 de la Ley 54.

Con relación a la alegada falta de credibilidad de la testigo de cargo y las dudas que su testimonio haya podido crear, el Jurado estuvo en mejor posición para evaluar la prueba desfilada que este Tribunal apelativo intermedio.    Fue el jurado quien tuvo la oportunidad de observar y escuchar a la Sra. Rubí Castillo Quiñones y creer o rechazar alguna parte de su testimonio.

Sobre el particular, declaró la Sra. Rubí Castillo Quiñones.

Es por ello que, de conformidad con nuestro ordenamiento jurídico, ante la ausencia en el expediente de algún indicio de pasión, prejuicio o parcialidad, este Tribunal le otorga completa deferencia a la apreciación de la prueba-particularmente la adjudicación de credibilidad-que hizo el Jurado sobre los testigos. Concluimos, por lo tanto, que el hecho de que el Jurado no encontrara probado más allá de duda razonable los elementos del Art. 3.1 de la Ley 54, no invalida que sí encontrara probados los elementos del Art. 6.22 de la Ley de Armas. El tercer error no fue cometido.

## IV.

Por los fundamentos que anteceden, los cuales se hacen formar parte de este dictamen, se confirma la Sentencia apelada en cuanto al cargo por Art. 6.22 de la Ley de Armas y se revoca con relación al cargo por el Art. 6.08 de la Ley de Armas. Consecuentemente, se devuelve el caso al Tribunal de Primera Instancia, Sala de Aibonito, para que se lleve a cabo una nueva Vista para dictar Sentencia, de conformidad con lo aquí expuesto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones